UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>ABDUL MASOOD QAYUMI,<br><br>        Defendant. | CASE NO. MJ 14 - 190<br><br>DETENTION ORDER |

Offenses charged:

    Trafficking in Counterfeit Goods (two counts)

    Smuggling Goods into the United States (two counts)

Date of Detention Hearing: 05/20/14

    The court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of any other person and the community.

DETENTION ORDER - 1
18 U.S.C. § 3142(i)

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) Defendant is a citizen and resident of Canada, living in Surrey, B.C.

(2) If he were released on bond, and allowed to return home, he would have no incentive to return to this country for further proceedings, and every incentive not to do so.

(3) The imposition of a substantial financial condition of release might create such an incentive. But there is no indication that defendant or his family have access to financial resources sufficient to create such an incentive.

(4) The Complaint alleges defendant and his brother have been engaged in supplying counterfeit air bags, manufactured in China, for use in Honda vehicles. The United States presented graphic video evidence at the detention hearing that those counterfeit air bags are dangerously defective, and create a very severe risk of injury or death to the occupants of vehicles where they might be installed. Defendant is entitled to the presumption of innocence. But if he were to engage in this activity upon release, his conduct would pose a substantial danger to other persons and the community.

(5) The court could order, as a condition of release, that defendant not engage in any such activities, or anything related to them. But given defendant's residence in Canada, and the lack of any participation to date by Canadian law enforcement authorities, there would be no way to monitor or enforce any such limitation imposed by the court.

(6) The case agent advise the Pretrial Services Officer that, between April and July of 2013, defendant earned approximately $14,000 by allegedly selling counterfeit air bags. Due to injuries suffered in recent auto accidents, defendant cannot perform his prior work at Sears and has no other source of income.

(7) While Pretrial Services has a program under which Canadian authorities supervise some U.S. defendants, Pretrial Services does not believe that would provide the

DETENTION ORDER - 2
18 U.S.C. § 3142(i)

necessary degree of supervision in this case. Specifically, the Canadian authorities do not provide home visits; and there would be no way for defendant to participate in the computer monitoring program. Pretrial Services therefore recommends detention.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 20 day of May, 2014.

JOHN L. WEINBERG
United States Magistrate Judge

DETENTION ORDER - 3
18 U.S.C. § 3142(i)